IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JOHN E. JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220410R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Notice of Assessment, dated June 28, 2022, for the 2018 tax year. A remote trial was held on June 29, 2023. Plaintiff, John E. Jensen, appeared and testified on his own behalf. Shannon Richards, Defendant's auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 15 and Defendant's Exhibits A to E were admitted without objection. Defendant filed its Written Closing Statement on July 13, 2023.

I. STATEMENT OF FACTS

Plaintiff is a civil engineer. In 1977, Plaintiff opened his own consulting firm, a sole proprietorship, hiring independent contractors as needed. (*See* Def's Closing Statement at 1.) Plaintiff testified that from the time he opened his business until the period at issue, he personally mailed the Form 1099-MISCs to the Internal Revenue Service, the Department of Revenue, and the independent contractors he hired. (*See also* Ptf's Ex List at 5.)

In 2018, Plaintiff subcontracted work to Jace Design, a business owned by his son, Jeffrey Jensen. (Ex 5; Ex 8.) Plaintiff testified that, at that time, he was unaware of the recent change in regulation requiring that he file the Form 1099-MISC electronically using iWire; thus, he sent it by mail, as he had done in the past. (*See also* Ptf's Ex List at 5.) On his 2018 tax return, Plaintiff claimed a deduction in the amount of $33,600 for wages paid to his son. (Ex 5.)

Defendant disallowed Plaintiff's deduction on the basis that Plaintiff failed to timely file the Form 1099-MISC. (Ex B at 3-4; Ex C at 1.) On December 17, 2021, Plaintiff filed the Form 1099-MISC via iWire. (Ex B at 3.) Plaintiff admits his untimely filing of the Form 1099-MISC was his mistake, though he requests the court still allow the deduction, arguing he was merely unaware of the change in law and did not intend to evade payment of the tax. (Ex 12.) Defendant requests the court uphold its adjustment denying Plaintiff's deduction.

## II. ANALYSIS

The issue is whether Plaintiff's untimely filing of Form 1099-MISC bars him from deducting payments made to a subcontractor. As the party seeking affirmative relief, Plaintiff bears the burden of proof by a preponderance of the evidence. ORS 305.427.[1]

Federal tax provisions apply to this state tax case because, subject to modifications not pertinent here, Oregon defines taxable income by reference to the federal tax code. *See* ORS 316.022(6); *see also* ORS 316.048. Generally, ordinary and necessary business expenses, including "a reasonable allowance for salaries or other compensation for personal services actually rendered[,]" are deductible under the Internal Revenue Code. IRC § 162(1). However, Oregon law imposes a condition, such that no deduction for wages and compensation is allowed where the payer "fails to report the payments as required by ORS 314.360 or 316.202[,]" unless "the failure to report is due to reasonable cause and not done with the intent to evade payment of the tax." ORS 305.217.

ORS 314.360(1) requires federal information returns, such as Form 1099-MISC and Form W-2, be filed with the Department of Revenue in the manner it prescribes. Beginning with tax year 2017, the Department of Revenue requires those issuing fewer than 11 information

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2017 edition.

returns file those returns electronically. OAR 150-314-0140(3), (6)(a).[2] The Department of Revenue may grant an exception upon a showing of undue hardship. OAR 150-314-0140(5).

Here, both parties agree Plaintiff was required to electronically file the Form 1099-MISC for the 2018 tax year, but he failed to do so until after the deadline. Defendant has not granted Plaintiff an exception to the filing requirement for undue hardship. *See* OAR 150-314-0140(5). Thus, Plaintiff can only claim the deduction if he demonstrates that his failure to report was due to reasonable cause and not done with the intent to evade payment of the tax. ORS 305.217. OAR 150-305-0130 further provides that, in the case of a failure to file, "the expense will be allowed if the individual or entity can show there was a circumstance beyond the individual or entity's control that caused the failure to file returns as required by law." OAR 150-305-0130(2).

In the present case, Plaintiff testified that his failure to timely file was due to his lack of knowledge of the required change in filing method. Additionally, Plaintiff testified he did not intend to evade payment of the tax, citing his long history of timely filing information returns as support. Though the court views Plaintiff's testimony as honest, ignorance of the law does not satisfy either the standard of "reasonable cause" or a "circumstance beyond the individual or entity's control." ORS 305.217; OAR 150-305-0130(2). While the court acknowledges the challenge of keeping up with changes to the tax code, IRC section 6001 reflects the principle that taxpayers are required to keep abreast of changes, and maintain their records accordingly. Plaintiff has provided the court with no grounds upon which it can grant relief.

### III. CONCLUSION

Plaintiff did not show reasonable cause for failing to timely file the Form 1099-MISC

---

[2] Oregon Administrative Rule (OAR).

with Defendant as required by ORS 305.217.   Plaintiff is barred from claiming a deduction for his payments to a subcontractor in 2018.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal, for the 2018 tax year, is denied.

Dated this _____ day of February 2024.

_____
RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Richard Davis and entered on February 2, 2024.***